UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM CREIGHTON,

    Petitioner,

v.

TIM PEREZ,

    Respondent.

Case No. 15-cv-00943-JD

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Robert Creighton, a former state prisoner,[1] has brought a pro se habeas petition pursuant to 28 U.S.C. § 2254. The Court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the Court. The petition is denied.

## BACKGROUND

Creighton pled guilty to driving under the influence of alcohol with a prior felony (count one, driving while having a blood alcohol level of .08 percent or above with a prior felony (count two), and he admitted one prior strike conviction for arson in 1997 and five prior prison terms, in return for a sentence of six years in prison. Clerk's Transcript ("CT") at 83-85. On November 1, 2012, pursuant to the plea agreement, the trial court sentenced Creighton to three years on count one, doubling the sentence to six years under the Three Strikes Law. CT at 96-100. The trial court imposed the same sentence on count two, but stayed it under California Penal Code section 654. *Id*. The trial court also stayed the five prior prison term enhancements, resulting in a total aggregate sentence of six years. *Id*.

---

[1] Creighton is on parole after being granted early release on June 4, 2015. Docket No. 6.

The California Court of Appeal ordered the prior prison term enhancements stricken, but affirmed the judgment in all other respects. Answer, Ex. 5. The California Court of Appeal summarily denied a habeas petition on the same day. Answer, Ex. 11. Creighton did not file a petition for review with the California Supreme Court on direct appeal case; however, he did file a habeas petition with the California Supreme Court that was denied on June 11, 2014. Answer, Ex. 13.

The probation report summarized the facts of the crime as follows:

> At about 9:00 PM, a California Highway Patrol Officer, on routine patrol, came across the defendant's vehicle which was blocking both lanes of the road. It appeared that he was trying to make a U turn. The officer stopped and watched the defendant accelerate in reverse, and go off the embankment by about three feet before he came to a stop. The officer approached to find out if the defendant needed assistance, and immediately noticed a strong odor of alcohol coming from the vehicle. He asked the defendant how much he had had to drink, and he answered, "Way too much" in a slurred voice. He declined to take any field sobriety tests, and turned around and put his hands behind him to be handcuffed even though the officer had not requested that he do so. He took one breathalyzer test which was .21% BAL, and then refused to take another. He submitted to having a blood sample taken. Those results found the defendant had a .22% BAL. The defendant was booked into the Marin County Jail.

CT at 128.[2]

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

---

[2] This portion of the Clerk's Transcript has been filed under seal. Docket No. 14.

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under § 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). In conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the Court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). The standard of review under AEDPA is somewhat different where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim. In such a case, as with the sole claim in this petition, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003); *Delgado v. Lewis*, 223 F.3d 976, 981-82 (9th Cir. 2000). When confronted with such a decision, a federal court should conduct an independent review of the record to determine whether the state court's decision was an objectively unreasonable application

3

of clearly established federal law. *Himes*, 336 F.3d at 853; *Delgado*, 223 F.3d at 982.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Creighton's sole ground for federal habeas relief is that his trial counsel was ineffective for refusing to investigate the validity of his 1997 guilty plea to arson and for failing to bring a motion to strike the prior conviction for sentencing purposes.

**Legal Standard**

A claim of ineffective assistance of counsel is cognizable as a claim of denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id*.

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must establish two things. First, he must establish that counsel's performance was deficient, i.e., that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland*, 466 U.S. at 687-88. Second, he must establish that he was prejudiced by counsel's deficient performance, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*.

However, a defendant who pleads guilty cannot later raise in habeas corpus proceedings independent claims relating to the deprivation of constitutional rights that occurred before the plea of guilty. *See Haring v. Prosise*, 462 U.S. 306, 319-20 (1983) (guilty plea forecloses consideration of pre-plea constitutional deprivations); *Tollett v. Henderson*, 411 U.S. 258, 266-67 (1973) (same); *United States v. Jackson*, 697 F.3d 1141, 1144 (9th Cir. 2012) (by pleading guilty defendant waived right to challenge pre-plea violation of Speedy Trial Act). A defendant who pleads guilty may not collaterally challenge a voluntary and intelligent guilty plea entered into with the advice of competent counsel. *United States v. Broce*, 488 U.S. 563, 574 (1989). Nor may he collaterally attack his plea's validity merely because he made what turned out, in retrospect, to be a poor deal. *Bradshaw v. Stumpf*, 545 U.S. 175, 186 (2005).

The only challenges left open in federal habeas corpus after a guilty plea are the voluntary and intelligent character of the plea and the nature of the advice of counsel to plead. *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985); *Tollett*, 411 U.S. at 267. A defendant who pleads guilty upon the advice of counsel may attack the voluntary and intelligent character of the guilty plea only by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Id*.

**Discussion**

Creighton asserts that prior to pleading guilty in this case he did some legal research about the 1997 arson conviction, his prior strike. Creighton believed that his arson conviction could be invalid because he had not been advised when he pled guilty in 1997 that there was a lifetime registration requirement for an arson conviction. He did not learn about the registration until he was released from prison for the conviction in 1998. Answer, Ex. 7 at E3; CT at 129. He contends that trial counsel was ineffective for failing to investigate this matter and for failing to move to strike the prior conviction.

Respondent argues that this claim is foreclosed by *Tollett* because Creighton's claim concerns pre-plea conduct. Creighton pled guilty on September 6, 2012. Reporter's Transcript ("RT") at 67-77. According to declarations submitted with his state court habeas petitions, Creighton discussed the arson charge with trial counsel before pleading guilty. Answer, Ex. 7 at E3-E4. Specifically, in August 2012, Creighton sent a letter to trial counsel about the registration requirement for the arson charge that Creighton alleges he was never informed of. Creighton states that trial counsel, "shrugged his shoulders and said 'okay so you didn't know,'" and "'that it was a little late to bring up that at this point.'" *Id*. at E3.

All of this occurred prior to the guilty plea and, when he pled guilty, Creighton was aware of the issue and that trial counsel would not pursue it. Creighton's guilty plea indicated that he understood that he was pleading guilty to the underlying crime and his prior strike conviction in return for a six-year sentence. CT at 86-94; RT at 67-76. Pursuant to *Tollett* and related cases, Creighton is foreclosed from raising pre-plea constitutional deprivations and cannot continue with this claim. Nor has Creighton demonstrated that his plea was not voluntary and intelligent, to the

5

1  extent any such claim has been exhausted. This claim is denied.

2  Respondent also argues that even looking to the merits of the claim, Creighton has not
3  shown that the state court's denial of the claim was objectively unreasonable. Prior to the guilty
4  plea, trial counsel raised a *Romero*[3] motion seeking to strike the prior strike allegation from the
5  complaint. CT at 11-21. The motion did not raise the registration requirement for the arson
6  conviction. The trial court held a hearing on the motion. RT at 16-42. It was noted that the drunk
7  driving offense was Creighton's ninth. CT at 17. Five of the prior offenses were felony drunk
8  driving convictions and three were misdemeanors. *Id*. The current offense, once he pled guilty,
9  was his sixth drunk driving felony conviction. *Id*. There were multiple drunk driving felony
10 convictions before and after the arson strike conviction. *Id*. at 40. The trial court also noted that at
11 sentencing for a previous conviction, a different trial judge had granted the motion to strike the
12 strike conviction. *Id*. at 29. Creighton had served a four-year term for one of the prior drunk
13 driving convictions, was released from prison and committed the current drunk driving offense the
14 same year. *Id*. at 41. The trial court found that the prior drunk driving conviction that did not use
15 the strike in sentencing was insufficient to deter Creighton from future criminal conduct and
16 protect the public from future drunk driving that could result in someone's death. *Id*. at 41-42.
17 For all of these reasons, the trial court denied the *Romero* motion. *Id*. at 42.

18 In late August 2012, plea discussions occurred between the parties. RT at 64-66.
19 Creighton was informed that he faced a maximum sentence of 11 years and pled guilty with the
20 agreement that he would serve six years in prison. RT at 69-70. Creighton argues that despite the
21 negotiated plea for six years, trial counsel still should have investigated the prior arson conviction
22 and filed an additional motion to strike the prior conviction.

23 The state court found that trial counsel was not ineffective, and Creighton has not shown
24 that this finding was unreasonable. The state court could have reasonably concluded that trial
25 counsel's failure to further investigate the prior strike and failure to file a second *Romero* motion

---

[3] *People v. Super. Ct. (Romero)*, 13 Cal. 4th 497, 530-31 (1996), provides the framework for a California trial court's exercise of its discretion to "strike" a prior conviction under the Three Strikes Law.

did not constitute deficient performance. Creighton was facing a maximum sentence of 11 years, with multiple prior drunk driving convictions, and trial counsel obtained a six-year sentence. The only new evidence in a potential second *Romero* motion was Creighton's argument that he was not aware of the registration requirement for his 1997 plea until his 1998 release. The state court could have reasonably found that this would have been insufficient for the trial court to change its prior ruling denying the *Romero* motion.

Creighton was aware of the registration requirement in 1998. Yet, he failed to raise any challenge to it until 2012, and he failed to inform trial counsel of the issue for the first *Romero* motion. Creighton has not presented any arguments demonstrating that the arson conviction would have been struck due to the registration requirement or what other information trial counsel would have discovered in an investigation. He appears to argue that his plea to the arson charge in 1997 is somehow invalid due to the failure to notify about the registration requirement, and therefore cannot qualify as a strike. To the extent Creighton wishes to challenge his 1997 conviction, that is denied. The Supreme Court has stated:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 403-04 (2001) (internal citation omitted). For all these reasons, this claim is denied.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id*. § 2253(c)(3). "Where a district

7

court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has made no showing warranting a certificate and so none is granted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. A Certificate of Appealability is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Dated: June 6, 2016

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT WILLIAM CREIGHTON,

    Plaintiff,

  v.

TIM PEREZ,

    Defendant.

Case No. 15-cv-00943-JD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 6, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Robert William Creighton
P.O. Box 11
Fairfax, CA 94978

Dated: June 6, 2016

                          Susan Y. Soong
                          Clerk, United States District Court

                          By: *Lisa R. Clark*
                          LISA R. CLARK, Deputy Clerk to the
                          Honorable JAMES DONATO